UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>   v.<br><br>DAVID DINH TRINH,<br><br>          Defendant. | Case No.  20cr478-JLS<br><br>PRELIMINARY ORDER OF CRIMINAL FORFEITURE |

      WHEREAS, in the Information in the above-captioned case, the United States sought forfeiture of Defendant DAVID DINH TRINH ("Defendant") of all property that constituted visual depictions as described in 18 U.S.C. § 2252, all property constituting proceeds of the offense, and all property used or intended to be used to commit or to promote the commission of the offense set forth in Count 2 of the Information which charged a violation of 18 U.S.C. § 2252(a)(4)(B), and forfeitable pursuant to 18 U.S.C. § 2253, as charged in the Information; and

      WHEREAS, on or about June 14, 2021, Defendant pled guilty before U.S. Magistrate Judge Bernard G. Skomal to Count 2 of the Information, which plea included consent to the forfeiture of all property seized in connection with the case, including forfeiture of all visual depictions as described in § 2252, all property constituting proceeds of the offense, and all property used or intended to be used to commit or to promote the commission, including forfeiture of the following:

(1) computer images and printed images determined by law enforcement to depict minors engaging in sexually explicit conduct and

(2) the items, equipment, computers, disks, and media seized by law enforcement during the investigation of the offenses to which the defendant has pled guilty, including:

1. All visual depictions which constitute child pornography and child erotica located on the items seized from Defendant's residence;

2. Toshiba Satellite P200-12W laptop with Toshiba hard drive;

3. One Apple iPhone 6; and

4. 13 CD-Rand DVD-R discs containing child pornography and child erotica; and

WHEREAS, on July 22, 2021, this Court accepted the guilty plea of Defendant; and

WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture addendum, the United States has established the requisite nexus between the forfeited properties and the offense and the Court hereby orders the forfeiture to the United States of the described forfeited properties pursuant to Title 18, United States Code, Section 2253; and

WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of the above-referenced properties, pursuant to 18 U.S.C. § 2253 and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the above-referenced properties which are hereby found forfeitable by the Court;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Based upon the guilty plea of the Defendant, the United States is hereby authorized to take custody and control of the following assets, and all right, title and interest of Defendant DAVID DINH TRINH in the following properties are hereby forfeited to the United States pursuant to Title 18, United States Code, Section 2253

for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

    (1) computer images and printed images determined by law enforcement to depict minors engaging in sexually explicit conduct and

    (2) the items, equipment, computers, disks, and media seized by law enforcement during the investigation of the offenses has pled guilty, including:

        1. All visual depictions which constitute child pornography and child erotica located on the items seized from Defendant's residence;

        2. Toshiba Satellite P200-12W laptop with Toshiba hard drive;

        3. One Apple iPhone 6; and

        4. 13 CD-Rand DVD-R discs containing child pornography and child erotica.

    2. The aforementioned forfeited assets are to be held by the Federal Bureau of Investigation in its secure custody and control.

    3. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third-party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

    4. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the properties in such manner as the Attorney

General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

6. The United States must also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n) as to the above assets, in which all interests will be addressed.

8. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture is made final as to the Defendant at the time of sentencing, which occurred on December 17, 2021, and is part of the sentence and included in the judgment.

IT IS SO ORDERED.

Dated: December 17, 2021

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge